IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 2000 Session

## EDDIE LEE LOWE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-20127     Chris Craft, Judge**

---

**No. W1999-00881-CCA-R3-PC - Decided August 30, 2000**

---

The petitioner, Eddie Lee Lowe, appeals the trial court's denial of his petition for post-conviction relief from his second degree murder and especially aggravated robbery convictions pursuant to guilty pleas. The petitioner contends that he received the ineffective assistance of counsel because neither his juvenile court attorney nor his trial attorneys preserved his right to appeal his transfer from juvenile court to criminal court for trial as an adult. Because the petitioner had no right to an acceptance hearing in the trial court, we hold that his juvenile court attorney was not deficient for failing to move for such a hearing. Also, we hold that the petitioner has failed to show deficient performance or prejudice by the fact that his trial attorney did not seek to reserve a certified question of law on the transfer issue. We affirm the trial court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Brett B. Stein, Memphis, Tennessee, attorney for appellant, Eddie Lee Lowe.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; William L. Gibbons, District Attorney General; Elaine Sanders and Glen C. Baity, Assistants District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Eddie Lee Lowe, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief from convictions pursuant to guilty pleas to second degree murder and especially aggravated robbery. The convicting court accepted the agreement to concurrent twenty-five year sentences. The petitioner contends that he received the ineffective assistance of counsel because neither his juvenile court attorney nor his trial attorneys preserved his right to appeal his transfer from juvenile court to criminal court for trial as an adult. We affirm the trial court's denial of the petition.

The petitioner's convictions arise out of the August 31, 1996 robbery and shooting death of James Herndon. The petitioner confessed to the offenses. On September 25, 1996, A.V. McDowell, a licensed attorney and juvenile court referee, ruled that the petitioner, who was thirteen at the time of the offenses, be transferred to the criminal court for trial as an adult. The grand jury indicted the petitioner for premeditated first degree murder, felony murder, and especially aggravated robbery, and the trial court appointed the public defender's office to represent the petitioner at trial. On February 18, 1997, the petitioner's trial attorney filed a motion for an acceptance hearing, urging the court to decline to accept jurisdiction over the petitioner because the individual who adjudicated the transfer hearing was not a judge. The trial court denied the motion because it had not been filed within the ten days specified by Tenn. Code Ann. § 37-1-159.

On the day of trial, the petitioner accepted a plea offer of second degree murder and especially aggravated robbery with an agreed sentence of twenty-five years for each offense to run concurrently. At the guilty plea hearing, the parties stipulated that the state's proof would show the following account of the offense: The victim was with Brandy Smith and purchased crack cocaine at two locations. When they ran out of cocaine, the victim drove Ms. Smith to the National Apartments in Memphis, intending to buy more. The petitioner and Antonio Watkins approached the driver's side of the victim's truck. Mr. Watkins asked the victim what he wanted. The victim said that he wanted change for a one-hundred-dollar bill and some crack cocaine. Mr. Watkins doubted that the victim had the money and asked him to show it to him. When the victim displayed the money, the petitioner drew a .22 caliber revolver and grabbed the one-hundred dollar bill. The petitioner and the victim struggled over the money, and the petitioner shot the victim. The bullet traveled through the victim's arm and into his chest, where it punctured his pulmonary artery, a lung, and the aorta. The two continued to struggle, but the victim released the bill when the petitioner put the gun to the victim's forehead. The petitioner, Mr. Watkins, and several bystanders ran from the scene. The victim asked Ms. Smith to drive him to the hospital. Because Ms. Smith did not know how to operate a manual transmission, she drove while the victim shifted the gears for one-half mile until the victim could no longer function. Ms. Smith sought help at a nearby house, and the police came. The victim bled to death from his wound. Ms. Smith identified the petitioner and Mr. Watkins as the assailants. Mr. Watkins' girlfriend would have testified that on the night of the offense, the petitioner told her that he shot a "white junky." The police found the weapon in the possession of a man who said he bought it from a relative of the petitioner. Tests revealed that bullets fired from this gun matched the one removed from the victim's body. The petitioner admitted that this was the same gun used in the shooting.

At the guilty plea hearing, the petitioner told the court that he was fourteen and had attended school through the seventh grade. The petitioner agreed that he understood that if he went to trial and was convicted, he could be sentenced to life in prison with or without parole. He agreed that he understood that he was not eligible for parole due to the violent nature of his offenses. The court explained the petitioner's rights to a trial by jury, to testify, to call witnesses, and to question the state's witnesses. The petitioner agreed that he understood these rights and knew that he was giving them up by pleading guilty. The petitioner agreed that he understood that he was giving up the right to appeal his transfer from juvenile court. The petitioner agreed that he was satisfied with his attorney's representation. The court found that even though the petitioner was fourteen years old,

he understood what he was doing and wanted to plead guilty. It found that the guilty pleas were freely and voluntarily entered and that the petitioner's attorney had represented him competently above and beyond what the law required.

The petitioner's claims relate to Tenn. Code Ann. § 37-1-159(d), which sets forth the review procedures for a juvenile transferred after April 7, 1994, for trial as an adult. The statute specifies that civil or interlocutory appeal of the transfer is not available. The statute provides that for transfers made by a nonlawyer judge, the juvenile may within ten days seek review of the transfer by the criminal or circuit court. However, it does not provide for review of the transfer at the trial court level if the transferring judge is a licensed attorney.

At the post-conviction evidentiary hearing, the petitioner's initial trial attorney testified that he worked with the Shelby County Public Defenders Office and that the trial court appointed him to represent the petitioner on February 3, 1997. He said that his supervisor worked with him on the case and took over for him when he left the Public Defenders Office. He said that he got the case one or two months after the petitioner's juvenile court transfer hearing. He said that the individual representing the Public Defenders Office in juvenile court was not affiliated with his office. He said that his office had no notice that a juvenile had been bound over to the criminal court until the arraignment.

The attorney testified that he sought a trial court acceptance hearing to review the transfer. He said that he argued that the court should grant the petitioner a hearing because the individual who adjudicated the petitioner's transfer was not a judge. He said that the trial court agreed with this point but denied the motion because it was filed outside the ten-day limit. He said that other than proceeding to trial, he had no way to preserve the issue for appeal because he could not bring an interlocutory appeal on that issue. He said that he did not attempt to preserve the issue as a certified question because he was no longer on the case at the time the petitioner entered his guilty pleas. He said that he left the case before the hearing on the petitioner's motion to suppress. He said that before he left the case, the petitioner received an initial plea offer which he did not accept. He said that at the time of the initial offer, he told the petitioner that if he were to plead guilty, he would be giving up the right to appeal the trial court's denial of his acceptance hearing.

The attorney testified that he got copies of the petitioner's juvenile court records and social file. He said that these records showed that Dr. Rebecca Caperton had determined that the petitioner had an Intelligence Quotient (IQ) of eighty, which is borderline mentally retarded. He said that pursuant to his motion, the trial court ordered an evaluation of the petitioner to determine his competency to stand trial and his mental capacity at the time of the offenses. He said that he also requested that the mental health facility assess the petitioner's IQ. He said that this evaluation revealed that the petitioner's IQ was within the parameters in his social file, showing borderline mental retardation.

The petitioner's second trial attorney testified that she worked with the Shelby County Public Defenders Office. She said that she assisted in the petitioner's case until she took over when the

other attorney left the office. She said that her office had no notice of the petitioner's case until after he was indicted. She said that she received the tape of the transfer hearing and that her secretary typed a transcript of the tape. The trial court admitted the unofficial transcript of the transfer hearing solely to show what the petitioner's attorneys considered when they advised the petitioner on his plea decision.

The attorney testified that she discussed the motion for an acceptance hearing with the other public defender. She said that they could not appeal the trial court's denial of the motion at the time and that they expected the case to go to trial. She said that the state had initially offered the petitioner life imprisonment in exchange for his guilty plea. She said that the state's proof of the murder and robbery was fairly overwhelming. She said that the petitioner had confessed to the crimes and that the state had the gun, two eyewitnesses, and the co-defendant, who had received a ten-to-fifteen-year sentence in exchange for his truthful testimony against the petitioner. She said that she was surprised on the day of trial when the state was willing to negotiate a plea. She said that she thought that she was able to get the state to reduce their offer from life to twenty-five years on the murder charge due in part to the petitioner's age. She said that the petitioner wanted to take that offer.

The attorney testified that before the petitioner accepted the plea offer, she discussed his trial rights with him and the fact that he would waive his right to appeal the suppression issue if he pled guilty. She said that she did not remember if she and the petitioner discussed the fact that he would be waiving his right to appeal his transfer from juvenile court if he accepted the plea offer but that the trial court discussed this issue with the petitioner at the guilty plea hearing. She said that she thought that the petitioner understood his rights and the plea agreement. She said that she was familiar with the procedural rule allowing a defendant to plead guilty while preserving a certified question of law that is dispositive of the case and agreed to by the state and the trial court. She said that at the time of the petitioner's plea, she could think of no way to preserve the issue of the petitioner's transfer from juvenile court and still get the benefit of the plea bargain. She said that she did not address the trial court about certifying a question of law on the transfer issue.

The attorney testified that the petitioner was the youngest person in the state to be transferred from juvenile court and charged with murder. She said that before the petitioner's case, the law prohibited the transfer of anyone under age fourteen. She said that the amended statute dropped this restriction for certain violent offenses. She said that the petitioner was one of the first juveniles to be transferred under the amended statute. She said that she thought that the petitioner should have remained in the juvenile court because of his age and mental condition. She said that she did not believe that he ever understood the consequences of the statement that he gave to the police. She said that although the petitioner might not have fit the requirement that he be committable due to his mental condition, the juvenile court should have considered his mental condition as well as his amenability to rehabilitation in relation to its ruling transferring the petitioner to criminal court.

The parties agreed that the juvenile court judge at the time was not a licensed attorney but that the juvenile referee who adjudicated the petitioner's transfer hearing was a licensed attorney. The petitioner argued that Tenn. Code Ann. § 37-1-159 was unconstitutional because it denied

juveniles the right to appeal immediately the transfer to criminal court when such ruling was made by an attorney. The trial court denied the petition for post-conviction relief, holding that the statute was constitutional. The court found that the petitioner's transfer hearing was adjudicated by a licensed attorney and that the petitioner had no right to a transfer acceptance hearing in criminal court. Because it found that the statute was constitutional and the petitioner had no right to an acceptance hearing, the court determined that it did not need to decide whether the petitioner waived his right to challenge the denial of an acceptance hearing by pleading guilty. It found that because the statute was constitutional, the petitioner was not prejudiced by his attorneys' failure to contest its constitutionality. It further found that because the petitioner had failed to show prejudice, he had not met his burden of proof.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that he received the ineffective assistance of counsel in juvenile court because his attorney did not move within ten days for an acceptance hearing in which the criminal court would review the transfer. He also claims that he received the ineffective assistance of counsel from his trial attorneys. The petitioner does not argue that but for the advice of counsel regarding the appeal of his transfer from juvenile court, he would not have pled guilty. Instead, he claims that his attorneys did not preserve his right to appeal his transfer to criminal court. The state contends that the petitioner received the effective assistance of counsel and that he has failed to show how he was prejudiced by the failure to appeal the transfer.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims that ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that but for counsel's errors, the petitioner would not have pled guilty and would have insisted upon going to trial. Hill v. Lockhart, 464 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court held that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The petitioner has the burden in the trial court to prove by clear and convincing evidence the factual allegations that would entitle him to relief. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id. However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves a mixed question of law and fact. See State v. Burns, 6 SW 3d 453, 461 (Tenn. 1999).

The juvenile court may transfer a child under age sixteen to the criminal court to be dealt with as an adult if the child is alleged delinquent based upon conduct constituting first degree murder or especially aggravated robbery, Tenn. Code Ann. § 37-1-134(a)(1), and if the court finds that reasonable grounds exist to believe that:

> (A) The child committed the delinquent act as alleged;
>
> (B) The child is not committable to an institution for the mentally retarded or the mentally ill; and
>
> (C) The interests of the community require that the child be put under legal restraint or discipline.

Tenn. Code Ann. § 37-1-134(a)(4). Once the juvenile court rules that the juvenile will be transferred for trial as an adult,

> [t]here is no civil or interlocutory appeal from a juvenile court's disposition pursuant to § 37-1-134. If and only if a nonlawyer judge presides at the transfer hearing in juvenile court, then the criminal court, upon motion of the child filed with in ten (10) days of the juvenile court order, excluding nonjudicial days, shall hold a hearing as expeditiously as possible to determine whether it will accept jurisdiction over the child; provided, that if no such motion is filed with the criminal court within the ten-day period, excluding nonjudicial days, such child shall be subject to indictment, presentment or information for the offense charged. . . .

Tenn. Code Ann. § 37-1-159(d). Our supreme court has held that the part of § 37-1-159(d) that eliminates the right to an acceptance hearing except in cases in which the transfer was by a nonlawyer judge does not violate due process. State v. Darden, 12 S.W.3d 455, 459-60 (Tenn. 2000).

The petitioner argues that his juvenile court attorney was ineffective for failing to move for an acceptance hearing in criminal court within the ten-day period specified by statute. At the evidentiary hearing, the parties stipulated that a licensed attorney adjudicated the petitioner's transfer. The statute expressly provides for no acceptance hearing when a lawyer presides at the transfer hearing. Tenn. Code Ann. § 37-1-159(d). Because the petitioner had no right to an acceptance hearing, his juvenile court attorney could not be deficient for failing to seek one.

The petitioner contends that even if Tenn. Code Ann. § 37-1-159(d) forecloses the right to an immediate appeal of the juvenile court's ruling transferring him to criminal court, it does not deprive him of his right to appeal that ruling altogether. The petitioner argues that a juvenile is still entitled to appellate review of the juvenile court's transfer ruling after the criminal court disposes of the case either by trial or plea. This court has acknowledged the right to review. In State v. Griffin, 914 S.W.2d 564, 566 (Tenn. Crim. App. 1995), it stated that

> it appears that in order to review the decision of the lawyer juvenile judge, the juvenile in criminal court must either (1) enter a plea of not guilty and thus preserve the issue for review, if convicted, or (2) reserve the issue on a plea of guilty or nolo contendere pursuant to Rule 37(b)(2)(i) or (b)(2)(iv) of the Tennessee Rules of Criminal Procedure. The second alternative assumes that the decision of whether the juvenile should be tried as an adult is a "certified question of law" that may be appealed pursuant to Rule 37. See State v. Kevin L. Moton, No. 03C01-9104-CR-00129, Hamilton County, . . . (Tenn. Crim. App., Knoxville, filed Feb. 6), perm. to appeal denied, (Tenn., June 22, 1992).

For the purpose of this case, we also assume that the issue of the transfer from juvenile court is dispositive of the criminal case.

The petitioner contends that his trial attorneys were ineffective for failing to preserve his right to appeal the validity of his transfer following his guilty plea. In this respect, we believe that the trial attorney's failure to preserve the issue for appeal as a certified question was not automatically the ineffective assistance of counsel. A guilty plea based upon the reasonably competent advice of counsel may not be attacked because of the possibility that the eventual outcome of an issue may have been favorable to the petitioner had he or she proceeded to trial. McMann v. Richardson, 397 U.S. 768, 769-70, 90 S. Ct. 1114, 1448 (1970). The decision to plead guilty before all the issues are resolved necessarily involves the making of difficult choices based upon uncertain judgments and predictions. Id. Furthermore, a defendant's decision to plead guilty may rest upon factors that go beyond the legal issues involved in the case such as the reduction of stress on the defendant and his or her family, the removal of uncertain consequences arising from a trial, and the reduction of actual exposure. See, e.g., Id. at 768-69, 90 S. Ct. at 1447. Thus, in order to prove the prejudice prong of Strickland, 466 U.S. at 687, 104 S. Ct. at 2064, the petitioner must establish that a reasonable probability exists that "but for counsel's errors," he would not have pled guilty but would have insisted on a trial. Hill, 474 U.S. at 59, 106 S. Ct. at 370.

Relative to a certified question, we conclude that the petitioner still must show by clear and convincing evidence that he would not have pled guilty in the absence of the certified question and would have insisted upon proceeding to trial. The petitioner did not testify at the evidentiary hearing and has failed to present any evidence of this contingency. Instead, the record reflects that the convicting court painstakingly advised the petitioner of his right to a trial and explained to him that his guilty pleas would waive review of his transfer from juvenile court. The petitioner agreed that he understood this. The petitioner's initial trial attorney testified that he advised the petitioner that by pleading guilty, he would waive the opportunity to appeal the trial court's denial of his motion for an acceptance hearing. Despite her familiarity with the rule permitting certified questions, the petitioner's second attorney testified that at the time of the plea, she could think of no way to preserve the issue of the petitioner's transfer from juvenile court and still get the benefit of the plea bargain. She also said that the evidence against the petitioner was fairly overwhelming and that she was surprised by the state's willingness to negotiate a plea on the day of trial. It is significant to note that the petitioner was fully exposed to a life sentence but received only a twenty-five-year sentence pursuant to the agreement. These circumstances indicate that the petitioner wanted to plead guilty despite the fact that he would lose his opportunity to appeal his transfer to the criminal court for trial as an adult. Moreover, no evidence indicates that the prosecutor would have accepted a certified appeal as part of the plea agreement. Thus, the petitioner has failed to prove how he was prejudiced by trial counsel's failure to certify a question regarding his transfer from juvenile court. The petitioner did not receive the ineffective assistance of counsel.

Based upon the foregoing and the record as a whole, we affirm the trial court's denial of the petition for post-conviction relief.

_____
JOSEPH M. TIPTON, JUDGE