**STATE of Tennessee, Appellee,**

v.

**Charles Bernard GRIFFIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 16, 1995.

Stephen M. Goldstein, Chattanooga, for Appellant.

Charles W. Burson, Attorney General and Reporter, Hunt S. Brown, Assistant Attorney General, Nashville, Gary D. Gerbitz, District Attorney General, David W. Denny, Assistant District Attorney General, Chattanooga, for Appellee.

## OPINION

WELLES, Judge.

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. Upon his plea of guilty, the Defendant was convicted of aggravated robbery.[1] For this Class B felony, he was sentenced as a Range I standard offender to eleven years in the Department of Correction. On this appeal, the Defendant argues that the juvenile court erred in its determination that he be tried as an adult and that the criminal court erred in sentencing him. We affirm the judgment of the trial court.

Late in the evening on Christmas day in 1993, the Defendant and two other juveniles entered a convenience store. The Defendant wore a mask and wielded a sawed-off shotgun. The other two juveniles were not armed. The Defendant ordered the store clerk to open the register and give him all the money. After pressing the store's silent alarm system, the clerk complied, and the robbers fled on foot with the money. They were apprehended a short time later. The Defendant gave a written confession to his involvement, and on this appeal there is no dispute that he was the armed gunman.

1. Tenn.Code Ann. § 39–13–402.

At the time of the offense, the Defendant was about sixteen and one half years old. Pursuant to Tennessee Code Annotated section 37–1–134, a petition was filed and a hearing was conducted thereon to determine whether the Defendant should be transferred to the sheriff of the county to be dealt with as an adult in the criminal court of that county. The juvenile court determined that the Defendant should be dealt with as an adult, and the Defendant argues on appeal that the juvenile court erred in its determination. We first address the question of whether the decision of the juvenile judge on this issue is reviewable on this appeal to this court.

Appeals from juvenile courts are governed by Tennessee Code Annotated section 37–1–159. There is no civil or interlocutory appeal from a juvenile court's decision that a child should be dealt with as an adult in the criminal court. Tenn.Code Ann. § 37–1–159(d). The statute provides that "if and only if" a non-lawyer presides at the transfer hearing in juvenile court, then the criminal court, upon motion of the juvenile, shall hold a hearing to determine whether it will accept jurisdiction over the child. *Id.* If no such motion is filed with the criminal court within ten days, the child is then subject to indictment and being tried as an adult. *Id.* The judgment of the criminal court accepting jurisdiction of the child is appealable as of right to this court, but only following a conviction on the merits of the charge. Tenn.Code Ann. § 37–1–159(f).

If the juvenile judge who presides at the transfer hearing is a lawyer, the statute does not provide for an acceptance hearing in criminal court and apparently one cannot be held. Thus, it appears that the ruling of a lawyer juvenile judge is not reviewable by the criminal court and the criminal court has no alternative but to accept jurisdiction over the juvenile.

Tennessee Code Annotated section 37–1–159 does not specifically address the manner in which an appeal is taken from an order of a lawyer juvenile judge transferring a juvenile to be tried as an adult. When the transfer is made by a non-lawyer juvenile judge, the juvenile is entitled upon motion to an acceptance hearing in criminal court. The juvenile may appeal the order of the criminal court to this court following a conviction on the merits of the charge. We do not believe that the legislature intended for an order of a lawyer juvenile judge transferring a child to be tried as an adult to be unappealable and thus not subject to any review.

We note that the process of obtaining appellate review of a lawyer juvenile judge's order transferring a child to be tried as an adult is rather awkward. The criminal court has no authority to decline jurisdiction. Thus, the criminal court is put in a position of being forced to dispose of the case on the merits even though an appellate court must later determine whether the decision of the juvenile court transferring the child to the criminal court was correct. Thus, it appears that in order to review the decision of the lawyer juvenile judge, the juvenile in criminal court must *either* (1) enter a plea of not guilty and thus preserve the issue for review, if convicted, *or* (2) reserve the issue on a plea of guilty or nolo contendere pursuant to Rule 37(b)(2)(i) or (b)(2)(iv) of the Tennessee Rules of Criminal Procedure. The second alternative assumes that the decision of whether the juvenile should be tried as an adult is a "certified question of law" that may be appealed pursuant to Rule 37. *See State v. Kevin L. Moton,* No. 03C01–9104–CR–00129, Hamilton County, 1992 WL 19270 (Tenn.Crim.App., Knoxville, filed Feb. 6), *perm. to appeal denied,* (Tenn., June 22, 1992).

From the record before us, we cannot determine whether the juvenile judge who presided at the transfer hearing was a lawyer. The record in the case *sub judice* contains a transcript of the transfer hearing held in juvenile court. While the Defendant states in his brief that the criminal court conducted an acceptance hearing, we find no reference to such a hearing contained in the record before us. Furthermore, we find neither a transcript of an acceptance hearing nor an order entered in the criminal court disposing of any motion for an acceptance hearing. If the Defendant filed a motion in the criminal court requesting a hearing to

review the juvenile court's transfer order, there is no record of such proceeding before us.

After the juvenile court transferred the Defendant to the sheriff of the county to be dealt with as an adult in the criminal court, the Defendant was indicted for the offense of aggravated robbery. While the record does not contain a transcript of the hearing in which he pleaded guilty to this offense, it is apparent from the record that his guilty plea was entered unconditionally and with no reservations or any attempt to preserve a certified question.

■ As we have discussed, the Defendant, upon his plea of guilty, made no attempt to preserve any issue for appeal pursuant to Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. A guilty plea, voluntarily and understandingly entered by a Defendant, generally waives all non-jurisdictional and procedural defects and constitutional infirmities, if any, in any prior stage of the proceeding. *Patterson v. State,* 684 S.W.2d 110, 111 (Tenn.Crim.App.1984). It is clear that the criminal court had jurisdiction over the Defendant. *State v. Hale,* 833 S.W.2d 65 (Tenn.1992). We conclude that when the Defendant entered his guilty plea, without reserving any question concerning the transfer from juvenile court, he waived appellate review of his juvenile court transfer. Therefore, this issue is without merit.

The Defendant next argues that the trial judge erred in sentencing him. He specifically argues that the weight placed on the enhancement factors is not supported by the evidence and that the court abused its discretion in setting the length of the sentence at eleven years.

■ When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review with a presumption that the determinations made by the trial court are correct. Tenn.Code Ann. § 40–35–401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing princi-

ples and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn.1991). The Sentencing Commission Comments provide that the burden is on the appellant to show the impropriety of the sentence.

■ Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn.Code Ann. §§ 40–35–102, –103 and –210; *State v. Smith,* 735 S.W.2d 859, 863 (Tenn.Crim.App.1987).

■ The sentence to be imposed by the trial court is presumptively the minimum sentence in the range. Tenn.Code Ann. § 40–35–210(c). Procedurally, the trial court is to increase the sentence within the range based upon the enhancement factors, then reduce the sentence as required by the mitigating factors. Tenn.Code Ann. § 40–35–210(d), (e). The weight given to any existing factor is within the trial court's discretion, so long as it complies with the purposes and principles of sentencing and the court's findings are adequately supported by the record.

■ The presentence report reflects that at time of sentencing, the Defendant was seventeen years old and was "enrolled" in high school, having completed the ninth grade.[2] The Defendant's prior record as a juvenile was fairly extensive. In May of 1991, he was charged with vandalism and was sentenced to one year on probation. In June of 1991, he was charged with attempted automobile theft, theft, and evading arrest. Disposition of these charges is unclear. In October of 1991, he was charged with three counts of possessing a stolen automobile and was found delinquent on one count. For this delinquency, he was sentenced to the Department of Youth Development. In 1993, a charge of theft was dismissed. The Defen-

---

**2.** It appears from the record that the Defendant had been in custody on the charge in the case *sub judice* for about six months at the time he was sentenced.

dant was on probation with the Department of Youth Development from the 1991 delinquency at the time he committed the offense in the case *sub judice.*

In sentencing the Defendant, the trial court applied the following enhancement factors: (1) That the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) that the Defendant was a leader in the commission of an offense involving two (2) or more criminal actors; and (8) the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn.Code Ann. § 40–35–114(1), (2) & (8). The record supports the application of each of these enhancement factors.

Referencing mitigating factors, the court considered that the Defendant, because of his youth, lacked substantial judgment in committing the offense. Tenn.Code Ann. § 40–35–113(6). The judge stated that he was not giving this factor a great deal of weight.

The trial court clearly set forth its findings and other sentencing considerations in the record. As we have stated, the sentence imposed by the trial court is presumptively correct. If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn.Crim.App., 1991).

Based upon our review of this record, we are unable to conclude that the trial court erred or abused its discretion in sentencing the Defendant. The judgment of the trial court is affirmed.

HAYES, J., and JOHN A. TURNBULL, Special Judge, concur.