IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. PATTY PACE PURKEY

**Appeal as of Right from the Criminal Court for Grainger County
Nos. 3261 & 3309     O. Duane Slone, Judge**

**No. E2000-00308-CCA-R3-CD
February 13, 2001**

The appellant, Patty Pace Purkey, pled guilty in the Grainger County Criminal Court to one count of vehicular assault, a class D felony, one count of reckless endangerment, a class E felony, three counts of simple possession of a controlled substance, a class A misdemeanor, and one count of driving on a revoked license, a class B misdemeanor. The trial court sentenced the appellant to the following terms of incarceration: three years in the Tennessee Department of Correction for vehicular assault; two years in the Tennessee Department of Correction for reckless endangerment; eleven months and twenty-nine days in the county jail for each of the simple possession convictions; and six months in the county jail for driving on a revoked license. The trial court further ordered that all of the appellant's sentences be served concurrently and assessed a total of $750 in fines. The trial court denied the appellant any form of alternative sentencing. On appeal, the appellant raises the following issue for our review: whether the trial court erred in failing to order probation or another alternative sentence. Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Edward C. Miller, Dandridge, Tennessee, for the appellant, Patty Pace Purkey.

Paul G. Summers, Attorney General and Reporter, Mark A. Fulks, Assistant Attorney General, Al Schmutzer, Jr., District Attorney General, and Michael A. Gallegos, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On April 15, 1997, the appellant, Patty Pace Purkey,[1] was driving her vehicle north on Highway 11-W in Grainger County. The appellant pulled into oncoming traffic to pass a slow-moving vehicle and collided head-on with a vehicle driven by the victim, nineteen-year-old George Pettigrew. The victim received extensive injuries from the collision and had to be airlifted by Lifestar to the University of Tennessee hospital. The victim was hospitalized for a period of approximately seven months. He suffered extensive mental and physical injuries, including damage to his short-term memory, a permanent limp in his left leg, and permanent facial scarring.[2] Police determined that the appellant had a blood alcohol level of .24 percent at the time she was driving the vehicle. Additionally, during a search of the appellant's vehicle, the police discovered the controlled substances marijuana, diazepam, and lorazepam. As a result of this accident, the appellant was charged with vehicular assault, driving under the influence, and three counts of simple possession of a controlled substance.

On August 1, 1997, Officer Jesse Jarnigan observed the appellant dangerously passing traffic, barely avoiding a collision with the officer's police cruiser. Officer Jarnigan stopped the vehicle and discovered that the appellant was driving on a revoked licence. Pursuant to this incident, the appellant was charged with reckless endangerment and driving on a revoked license.

On December 13, 1999, the appellant pled guilty to the above charges in the Grainger County Criminal Court. The trial court sentenced the appellant to the following terms of incarceration: three years in the Tennessee Department of Correction for vehicular assault; two years in the Tennessee Department of Correction for reckless endangerment; eleven months and twenty-nine days in the county jail for each of the simple possession convictions; and six months in the county jail for driving on a revoked license. The trial court merged the driving under the influence conviction into the vehicular assault conviction. The trial court further ordered that all the appellant's

---

[1] The appellant was indicted for reckless endangerment and driving on a revoked license under the name "Patti Pace Purkey."

[2] In the victim impact statement contained in the appellant's pre-sentence report, the victim listed the following problems associated with this accident:

> [Physical problems]: broken right femur, two broken ribs leading to a collapsed lung, lacerated liver, and lacerated spleen, broken clavicle[,] broken cheek bone[,] broken jaw[,] and Traumatic Brain Injury (TBI) leading to [cognitive problems;]
> Cognitive problems, i.e., memory difficulties, perceptual problems, lack of concentration, lack of initiation, comprehension/understanding problems, expressive difficulties, sequencing problems, slowed responses, mental inflexibility, disorganization, problem solving difficulties, and new learning problems;
> Behavioral/Emotional reactions, i.e., denial, over optimism, impatience, irritability, verbal outbursts, temper outbursts, family abuse, egocentricism, impulsivity, lability, suspiciousness, depression, lack of motivation, inappropriate social behavior, dependency, increased sexual interest, excessive talking, and a loss of control;
> Psychosocial problems, i.e., a sense of being "different," strained family relationships, a loss of friends, fear of moving automobiles, difficulty returning to school, loss of future earning capacity, and inactivity.

sentences be served concurrently and assessed a total of $750 in fines. The trial court denied the appellant any form of alternative sentencing. On appeal, the appellant raises the following issue for our review: whether the trial court erred in failing to order probation or other alternative sentence.

## II. Analysis

This court will review the appellant's challenge to the manner of service of her sentences de novo. Tenn. Code Ann. § 40-35-401(d) (1997). Moreover, if the trial court correctly considered the sentencing principles and all relevant facts and circumstances, this court will accord the trial court's determinations a presumption of correctness. Id.; State v. Clabo, 905 S.W.2d 197, 206 (Tenn. Crim. App. 1995). In any event, the burden is on the appellant to demonstrate the impropriety of her sentences. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; see also State v. Griffin, 914 S.W.2d 564, 567 (Tenn. Crim. App. 1995).

In conducting our de novo review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in her own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997); see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991).

At the sentencing hearing, the trial court correctly noted that the appellant was eligible for probation. However, the trial court did not specifically state for the record why the appellant was denied an alternative sentence. Additionally, the trial court did not correctly apply the sentencing principles, nor did the court specify which enhancement and mitigating factors applied to which offense. See State v. Griffis, 964 S.W.2d 577, 601 (Tenn. Crim. App. 1997). Accordingly, we will review the trial court's judgments without a presumption of correctness.

The trial court found the existence of no mitigating factors and applied the following enhancement factors to the appellant: (1) the appellant had a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range, and (6) the injuries sustained by the victim were great. Tenn. Code Ann. § 40-35-114 (1997). While the appellant does not contest the application of these factors, we note that enhancement factor (6) would not apply to the appellant's conviction of reckless endangerment because there were no injuries sustained during that particular incident. Furthermore, enhancement factor (6) should not apply to the appellant's conviction of vehicular assault because great personal injuries are a part of the offense. Cf. State v. Williamson, 919 S.W.2d 69, 82 (Tenn. Crim. App. 1995). However, because one enhancement factor and no mitigating factors apply to the appellant's convictions, we conclude that the lengths of the appellant's sentences are proper. State v. William Curtis Wagner, No. W1998-00552-CCA-R3-CD, 1999 WL 1523137, at *9 (Tenn. Crim. App. at Jackson, December 30, 1999), perm. to appeal denied, (Tenn. 2000).

Because the appellant is a Range I standard offender convicted of class D and E felonies, she is presumed to be a favorable candidate for alternative sentencing, unless the State can rebut the presumption with evidence to the contrary. Tenn. Code Ann. § 40-35-102(5)-(6); see also State v. Grissom, 956 S.W.2d 514, 519 (Tenn. Crim. App. 1997). This court has previously found that the following list provides guidance as to what may constitute "evidence to the contrary":

> (A) confinement is necessary to protect society by restraining an appellant who has a long history of criminal conduct;
> (B) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or,
> (C) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant.

Tenn. Code Ann. § 40-35-103(1)(A)-(C); see also Ashby, 823 S.W.2d at 169. Moreover, the appellant's potential or lack of potential for rehabilitation should be considered in determining her suitability for alternative sentencing. State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997).

Although the appellant does have a criminal history of seven prior misdemeanor convictions, we do not find that this history alone is extensive enough to justify denying the appellant an alternative sentence. See Tenn. Code Ann. § 40-33-103(1)(A). However, we do find that confinement is necessary to avoid depreciating the seriousness of the vehicular assault and reckless endangerment offenses. Tenn. Code Ann. § 40-33-103(1)(B).

In denying an alternative sentence to avoid depreciating the seriousness of an offense, this court should determine if the criminal act is especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree. See State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996). As we have previously stated:

> [T]his court recognizes the dangers of driving under the influence, dangers which are especially aggravated when the blood alcohol content of the driver is well in excess of the legal limit. The legislature also recognized the increased seriousness of driving under the influence of an excessive blood alcohol content by enhancing the minimum period of incarceration for a first offense DUI to seven days rather than forty-eight hours if the blood alcohol content is .20 percent. . . .

State v. Helen Dixon Devers, No. M1999-00427-CCA-R3-CD, 2000 WL 804710, at *3 (Tenn. Crim. App. at Nashville, June 23, 2000)(citations omitted). In this case, the appellant drove with a blood alcohol content of .24 percent, more than twice the legal limit.[3] See State v. James Thomas Tanner, III, No. 03C01-9703-CR-00101, 1998 WL 351885, at *5 (Tenn. Crim. App. at Knoxville, June 30, 1998); State v. Phillip Ray Dotson, No. 01C01-9405-CC-00162, 1995 WL 115863, at *2 (Tenn.

---

[3] Under Tenn. Code Ann. § 55-10-401 (1997), an accused can be found guilty of driving under the influence when the accused's blood alcohol content is .10 percent.

Crim. App. at Nashville, March 14, 1995). As a result of the appellant's drunk driving, the victim of the vehicular assault sustained permanent and disfiguring injuries. See State v. Shawn T. O'Malley, No. 03C01-9704-CC-00119, 1998 WL 485674, at *2 (Tenn. Crim. App. at Knoxville, August 14, 1998). Additionally, we note that following the vehicular assault occurring on April 15, 1997, that caused severe, life threatening injuries to the victim, the appellant once again, on August 1, 1997, drove recklessly, forcing another victim off the road and endangering the lives of others. Cf. State v. Betty Hiler Jones, No. 89-80-III, 1990 WL 38340, at *1 (Tenn. Crim. App. at Nashville, April 6, 1990)(stating that granting probation for an arson conviction to an appellant who had a previous arson conviction would depreciate the seriousness of the offense). Accordingly, we conclude the appellant should be denied an alternative sentence to avoid depreciating the seriousness of her offenses.

We also find that measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the appellant. Tenn. Code Ann. § 40-33-103(1)(C). The appellant has previously been convicted of driving while under the influence, for which she received probation; reckless driving, for which she received probation; and public intoxication, for which she received diversion. Nonetheless, the appellant has once again been convicted of an offense of driving under the influence of an intoxicant and reckless driving. Thus, we find that the appellant may be denied an alternative sentence because she has unsuccessfully participated in alternatives less restrictive than confinement. See State v. M. Steven Lilly, No. 03C01-9505-CR-00143, 1996 WL 87441, at *4 (Tenn. Crim. App. at Knoxville, March 1, 1996).

Moreover, we find that the appellant's lack of remorse weighs against granting an alternative sentence in the vehicular assault case. The trial court found that the appellant demonstrated a lack of remorse, specifically stating that the appellant exhibited no remorse to the victim or his family following the accident. As this court has stated, "[l]ack of remorse is relevant when considering [an appellant's] potential for rehabilitation and sentencing alternatives." Daniel Arthur Schmidt v. State, No. 03C01-9501-CR-00016, 1995 WL 456418, at *3 (Tenn. Crim. App. at Knoxville, August 3, 1995). We conclude that because the trial court could observe the appellant, the trial court was in a better position than this court to evaluate the appellant's remorse. State v. Robinson, 971 S.W.2d 30, 48 (Tenn. Crim. App. 1997).

The appellant argues that this court should consider as mitigation the testimony of her probation officer at the sentencing hearing stating that the appellant had been sober for approximately two years before the sentencing hearing, evidencing her ability for rehabilitation.[4] However, we note that her probation officer specifically said that

> Judge Hooper ordered that [the appellant] be drug screened initially. . . . I checked with Judge Hooper a couple months later. He was informed that she had passed all her drug screens. . . . And at that time Judge Hooper said for me not to drug screen her any more.

---

[4] The appellant was under pre-trial supervision for approximately two years before her sentencing hearing.

Additionally, the probation officer stated that the appellant was informed at least seven days in advance of her next scheduled drug and alcohol test. While we commend the appellant's apparent sobriety, we cannot ignore the other factors weighing against the granting of an alternative sentence.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

NORMA McGEE OGLE, JUDGE