IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 7, 2003

## STATE OF TENNESSEE v. CHARLES ANTHONY HINKLE

**Direct Appeal from the Circuit Court for Carroll County**
**No. 20CR1591     C. Creed McGinley, Judge**

---

**No. W2002-00453-CCA-R3-CD  - Filed April 3, 2003**

---

The defendant was found guilty by a jury of reckless endangerment with a deadly weapon, vandalism up to five hundred dollars ($500), and public intoxication.  The trial court sentenced the defendant as a Range I standard offender to a term of two years for reckless endangerment, eleven months and twenty-nine days for vandalism, and thirty days for public intoxication.  These sentences were to run concurrently and were to be served in confinement in the county jail.  The trial court rejected alternative sentencing.  The defendant contends his sentence is excessive.  Because the defendant failed to include the trial transcript, we are unable to conduct an adequate appellate review.  Therefore, we presume the trial court correctly sentenced the defendant and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Charles Anthony Hinkle.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Charles Anthony Hinkle, was found guilty by a jury of reckless endangerment with a deadly weapon, vandalism up to five hundred dollars ($500), and public intoxication.  The trial court sentenced the defendant as a Range I standard offender to a term of two years for reckless endangerment, eleven months and twenty-nine days for vandalism, and thirty days for public intoxication.  These sentences were to run concurrently and were to be served in confinement in the county jail.  The trial court rejected alternative sentencing.  The defendant contends his sentence is

excessive. Specifically, the defendant contends that the trial court misapplied enhancement and mitigating factors and failed to apply alternative sentencing criteria.

When a defendant challenges his sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the defendant to demonstrate the impropriety of his sentences. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Griffin, 914 S.W.2d 564, 567 (Tenn. Crim. App. 1995).

In conducting our review of the defendant's sentence, we must consider the evidence received at the trial and the sentencing hearing, the presentence report, the principles of sentencing and arguments as to sentencing alternatives, the nature and character of the offense, applicable mitigating and enhancement factors, any statement the defendant wishes to make in his own behalf about sentencing, and the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-103, -210; State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the instant case, the defendant did not include a trial transcript in the record on appeal. A *de novo* review obviously requires us to examine the "nature and circumstances of the criminal conduct involved." Tenn. Code Ann. § 40-35-210(b)(4). We are precluded from conducting a review of the underlying facts supporting the defendant's conviction because those facts which would have been presented at the trial were not included in the record. The "nature and circumstances" of this case are relevant to sentencing determinations. If the appellate record is inadequate for our review, the reviewing court must presume that the trial court ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993); State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). The burden of providing a complete and accurate record upon appeal rests upon the appealing party. See T.R.A.P. 24(b). Therefore, we presume the judgments of the trial court are correct.

**Conclusion**

Accordingly, we affirm the judgments of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-2-