# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 08, 2014

## FRANK TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 0505703     James M. Lammey, Judge**

---

**No. W2012-01993-CCA-R3-PC  - Filed August 28, 2014**

---

The petitioner, Frank Taylor, was convicted of one count of first degree felony murder, a Class A felony, and criminal attempt: especially aggravated robbery, a Class B felony. He appeals the denial of his petition for post-conviction relief. On appeal, the petitioner contends that he received ineffective assistance of counsel when: (1) trial counsel failed to investigate and pursue as a defense the petitioner's absence from his juvenile detention hearing, his lack of representation at the hearing, and the fact that he did not receive advice regarding the ability to appeal the detention order; (2) trial counsel failed to pursue the denial of a meaningful transfer hearing; and (3) trial counsel failed to challenge the probable cause of the petitioner's arrest warrant. After a review of the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

R. Todd Mosley, Memphis, Tennessee, for the appellant, Frank Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Amy P. Weirich, District Attorney General; and Jessica Banti, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On May 22, 2008, a jury convicted the petitioner of one count of first degree felony murder and one count of criminal attempt: especially aggravated robbery. The petitioner appealed his convictions, and this court affirmed the convictions. The relevant facts of the case are as follows:

> On January 17, 2005, three male juveniles, Clarence Anthony Abernathy ("Abernathy"), Markese Alexander Brooks ("Brooks"), and Frank DeAngelo Taylor (Defendant-Appellant "Taylor"), entered the Little Star Grocery located in Memphis, Tennessee. One of the three juveniles approached the clerk and said "This is a stick up[.]" During the robbery, Albert Covington, the victim in this case, struggled with one of the juvenile perpetrators and was fatally shot. Law enforcement personnel later made contact with Brooks, who was recovering from a gunshot wound at the hospital, and developed Taylor as a suspect. Two days later, on January 19, 2005, law enforcement interviewed Taylor, who provided a statement admitting to his involvement in the murder. Taylor and the other two juveniles were subsequently charged with first degree felony murder and criminal attempt to commit especially aggravated robbery.

*State of Tennessee v. Frank Deangelo Taylor*, No. W2008-01863-CCA-R3-CD, 2010 WL 3307072, at *1 (Tenn. Crim. App. Aug. 23, 2010). The petitioner filed a *pro se* petition for post-conviction relief and was appointed counsel. Through counsel, the petitioner filed two amended petitions for post-conviction relief, and the trial court conducted an evidentiary hearing.

At the post-conviction hearing, the petitioner testified that he elected not to testify at his trial. He was arrested at his school two days after the incident and was seventeen years old at the time of his arrest. After his arrest, he was taken to juvenile court and appointed counsel. The petitioner testified that he only attended a transfer hearing in juvenile court and did not take part in a detention hearing. He met his appointed counsel for the first time prior to the transfer hearing and was unaware that a detention order was signed that ordered him to be detained in juvenile court custody. The petitioner stated that no witnesses testified at the transfer hearing and that "the Judge said what he had to say and the State said what they had to say and we were bound over."

The petitioner testified that neither juvenile counsel nor trial counsel informed him of the right to appeal the transfer or detention orders. Trial counsel was appointed to represent the petitioner after he was indicted. The petitioner shared his concern with trial counsel that he was arrested without a warrant and asked trial counsel whether his arrest was

2

legal. He testified that trial counsel told him that "evidently [the police] had probable cause[]" to arrest him. The petitioner later learned that the probable cause for his arrest stemmed from a statement his co-defendant, Markese Brooks, made to police officers.

In his statement, Mr. Brooks indicated that a man named "Frank" was with him on the night of the incident. Mr. Brooks stated that Frank lived in "[t]he house next to the yellow store on Mississippi[]" and was a black male who was "probably about 17," stood 5'8" or 5'9" tall, and weighed about 180 pounds. He described Frank as having a "dark complexion, no facial hair, [and a] pop out grill." Mr. Brooks believed that Frank had tattoos, specifically the word "Forty" tattooed on his forearm.

The petitioner testified that at the time of his arrest, he was 5'10" tall, weighed 185 pounds, and did not have any tattoos. He stated that he never lived in a house next to the yellow store on Mississippi and that he never lived on Mississippi Boulevard.[1] The petitioner believed that Mr. Brooks' description led detectives to him, and he spoke with trial counsel about the differences between his own appearance and the description Mr. Brooks gave because he was concerned that the inaccuracies led detectives to the wrong person. The petitioner testified that trial counsel explained to him that she did not raise the discrepancies between the petitioner's appearance and Mr. Brooks' description because "the detective is a professional and basically he knows what he's doing . . . [so] the decision he made at the time had to be just." The petitioner testified that these discrepancies were not addressed at trial and agreed that Mr. Brooks did not testify at his trial. The petitioner stated that trial counsel's failure to raise the issue of lack of probable cause supporting his arrest in her motion to suppress his statement to police rendered counsel's service ineffective.

Trial counsel testified that she had been a licensed attorney since 1990 and that she worked for the Shelby County Public Defender's office when she was appointed to represent the petitioner. She represented the petitioner after he was transferred from juvenile court and arraigned in criminal court. Trial counsel attempted to make a plea deal in exchange for the petitioner's testimony, but the State refused a deal because the petitioner was one of the shooters during the incident. She investigated the petitioner's background and discovered that he had a low IQ and suffered from mental health issues. Trial counsel had a neuropsychologist examine the petitioner but did not use any of the findings at trial, as she believed the results proved more damaging than helpful to the case.

Trial counsel filed a motion to suppress the petitioner's statement where he admitted to participating in the crime. She filed the motion on the grounds that the statement was

---

[1]We note that police report recording the petitioner's arrest lists his height and weight as 5'8" and 150 pounds and his address as 539 Mississippi.

involuntary because the petitioner was under the influence of drugs at the time and did not understand the implications of his statement due to his low IQ. Trial counsel felt that the police had probable cause to arrest the petitioner based upon Mr. Brooks' statement because the statement described the petitioner sufficiently for the police to arrest him at school. The trial court denied the motion to suppress.

Trial counsel did not cross-examine the arresting officer about the discrepancies between Mr. Brooks' statement and the petitioner's appearance because the statement was not admitted at trial. She agreed that she was not present at any of the proceedings in juvenile court because the public defender's office did not handle cases in juvenile court. Trial counsel testified that it was her experience that all first degree murder cases were transferred from juvenile court to criminal court. Trial counsel did not request a preliminary hearing to determine whether there was probable cause to transfer the petitioner to criminal court because she did not believe that it would "serve any purpose." Trial counsel believed that a probable cause hearing would not affect whether the petitioner was indicted for first degree murder and that it "would be faster to try to proceed with [the petitioner's] case." She did not believe that the case would have been dismissed for lack of probable cause. Trial counsel agreed that the petitioner's statement was damaging to his case and made it difficult to achieve an acquittal.

Trial counsel did not recall whether the petitioner had any tattoos or whether he lived on Mississippi Boulevard. She testified that Mr. Brooks' statement matched the appearance of the petitioner in height, weight, and complexion at the time she represented him. Trial counsel stated that she probably would not have investigated whether the petitioner had tattoos because Mr. Brooks told officers where "Frank" went to school, and officers picked up the petitioner after going to the school and asking for an individual named Frank who matched the description Mr. Brooks provided. She agreed that Mr. Brooks' statement did not indicate where "Frank" went to school, but she recalled either viewing a report or hearing the police officer testify that they located the petitioner because Mr. Brooks told them where the petitioner attended school. Trial counsel testified that in addition to the petitioner's statement, the testimony of Clarence Abernathy implicated the petitioner in the incident. She agreed that Mr. Abernathy did not testify at the petitioner's trial and stated that she heard Mr. Abernathy's testimony when she attended Mr. Brooks' trial.

The post-conviction court denied the petition for relief. The court found that the petitioner presented no evidence to support his allegation that trial counsel was ineffective for failing to address the petitioner's lack of representation at his juvenile detention hearing. The court stated that the petitioner failed to present any evidence at the hearing to support his allegation that he was not represented at the detention hearing. The court found that trial counsel was not deficient for failing to address the petitioner's right to appeal the juvenile

4

order of detention, as trial counsel was not present during any juvenile proceedings but learned what occurred at the proceedings by reading the transfer hearing transcript. The court also found that the petitioner failed to prove that he was prejudiced in regards to his juvenile transfer hearing, as he had not shown by clear and convincing evidence how raising an issue with his transfer hearing would have affected the outcome of his trial. The court credited the testimony of trial counsel that she believed that police had probable cause to arrest the petitioner and that she made a strategic decision to proceed with the case rather than to request a preliminary hearing. The court also found that the petitioner had not shown either deficiency or prejudice regarding trial counsel's failure to cross-examine witnesses about the discrepancies in Mr. Brooks' description that led to the petitioner's arrest because the statement was not admitted at trial.

## ANALYSIS

The petitioner argues that he received ineffective assistance of counsel. Specifically, he contends that counsel was ineffective for failing to investigate his absence from his detention hearing, lack of representation at the hearing, and the fact that he received no advice of counsel regarding his ability to appeal the order; failing to pursue the denial of a meaningful transfer hearing as a defense; and failing to challenge the probable cause supporting the petitioner's arrest. On appeal, the petitioner does not raise any issue regarding the effectiveness of juvenile counsel or appellate counsel. Accordingly, we limit our analysis only to the effectiveness of trial counsel.

To obtain post-conviction relief, the petitioner must demonstrate that "the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2010). The petitioner bears the burden of proving the allegations of fact giving rise to the claim by clear and convincing evidence. *Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)).

On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). This court may not substitute its own inferences for those drawn by the post-conviction court, as questions concerning the credibility of witnesses, the weight and value of the evidence, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001). A claim of ineffective assistance of counsel raises a mixed question of law and fact which this court reviews de novo. *Fields*

*v. State*, 40 S.W.3d 450, 458 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). This court reviews the trial court's factual findings de novo with a presumption of correctness unless the evidence preponderates against the trial court's findings. *Fields*, 40 S.W.3d at 458. The trial court's conclusions of law on the claim are reviewed under a purely de novo standard with no presumption of correctness. *Id.*

Both the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee the right to counsel. This right affords an individual representation that is "within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove by clear and convincing evidence that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the petitioner to the degree that the petitioner did not receive a fair trial. *Strickland*, 466 U.S. at 687. A petitioner satisfies the deficiency prong of the test by showing that counsel's representation fell below an objective standard of reasonableness; that is, "the services rendered or the advice given must have been below 'the range of competence demanded of attorneys in criminal cases.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Baxter*, 523 S.W.2d at 936); *see Strickland*, 466 U.S. at 687. The petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Courts evaluating the performance of an attorney "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. In order to fairly assess counsel's conduct, every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "The fact that a particular strategy or tactic failed or hurt the defense, does not, standing alone, establish unreasonable representation." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996).

Prejudice requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If the petitioner fails to establish either deficiency or prejudice, post-conviction relief is not appropriate, and this court need not address both components if the petitioner makes an insufficient showing as to one component. *Grindstaff*, 297 S.W.3d at 216; *Goad*, 938 S.W.2d at 370.

6

**I. Juvenile Detention Hearing**

The petitioner argues that trial counsel was ineffective for failing to investigate and pursue as a defense several errors in his juvenile detention hearing. Specifically, he contends that he did not attend his hearing, that he did not receive representation at the hearing, and that he was not informed of his right to appeal the detention order.

The petitioner claims that he did not attend his juvenile detention hearing and argues that the State produced no evidence that he attended the hearing. However, the petitioner erroneously places the burden of proving his attendance at the detention hearing on the State. At a post-conviction hearing, "*[t]he petitioner* shall have the burden of proving the allegations of fact by clear and convincing evidence." T.C.A. § 40-30-110(f) (emphasis added). The State is not required to prove that the petitioner attended the hearing; it is the petitioner who is required to prove that he did not attend the hearing.

He further contends that, had trial counsel sought a remand to the juvenile court, there was a reasonable likelihood that the juvenile court would have dismissed the case based upon the "glaring discrepancies" between the petitioner's appearance and Mr. Brooks' description, or trial counsel would have gained "valuable insight" into the State's case. We conclude that there is not a reasonable probability that the case would have been dismissed given that the discrepancies between the description and the petitioner were slight. Further, the petitioner makes no allegations as to what insight into the State's case a remand would have produced. Accordingly, we conclude that the petitioner has not met his burden of establishing prejudice, and he is not entitled to relief.

The petitioner also cannot prevail on the claim that he lacked representation at the detention hearing. The post-conviction court found that the petitioner waived this issue, as neither the petitioner nor trial counsel were questioned during the post-conviction hearing about the representation that the petitioner received at the detention hearing, and the petitioner did not provide any evidence to support his allegation. We agree with the post-conviction court. "The burden is always upon the appealing party to develop a record which conveys a fair, accurate, and complete account of those proceedings which form the basis of the appeal[,]" and a failure to present proof means that the issue is waived. *Brimmer v. State*, 29 S.W.3d 497, 530 (Tenn. Crim. App. 1998). As the petitioner did not present any evidence that he did not receive representation at the detention hearing, this issue is waived, and the petitioner is not entitled to relief.

The petitioner also cannot show that trial counsel was deficient in failing to inform him of his right to appeal the detention order. He again argues that a reasonable likelihood

existed that the case would have been dismissed, or trial counsel would have gained valuable knowledge of the State's case had the case been remanded to juvenile court. Trial counsel testified that she did not represent the petitioner during the proceedings at juvenile court or attend the proceedings because the public defender's office did not handle cases in juvenile court. Although she did not attend the juvenile proceedings, trial counsel made an effort to determine what transpired at the proceedings by obtaining a transcript of the transfer hearing. As a result, the post-conviction court found no deficiency on the part of trial counsel, and we agree with the post-conviction court. We previously concluded that there was not a reasonable probability of a dismissal of the case, given the similarities between the Mr. Brooks' description and the petitioner. Further, trial counsel reviewed the available transcripts from the petitioner's juvenile proceedings to familiarize herself with the petitioner's case, and the petitioner makes no suggestion of what "valuable insight" trial counsel could have gained at a detention hearing that was not available in the transcript of the transfer hearing. Accordingly, the petitioner has not established either deficiency or prejudice and is entitled to no relief as to this claim.

## II. Transfer Hearing

The petitioner next argues that he was denied a meaningful transfer hearing and that trial counsel was ineffective for failing to pursue this error. He claims that the juvenile court transferred him after "a *pro forma* recitation of the charges" without considering any evidence or hearing any testimony.

The juvenile court has exclusive original jurisdiction over a proceeding in which a child is alleged to be delinquent. T.C.A. § 37-1-103(a)(1). The juvenile court may transfer the child to criminal court to be tried as an adult if the child was sixteen years old at the time of the alleged conduct after holding a proper transfer hearing and providing the child and his guardian with reasonable notice of the hearing. T.C.A. § 37-1-134(a)(1)-(3). A transfer to criminal court "terminates jurisdiction of the juvenile court with respect to any and all delinquent acts with which the child may then be charged." T.C.A. § 37-1-134(c). "There is no civil or interlocutory appeal from a juvenile court's disposition" of a child to criminal court. T.C.A. § 37-1-159(d).

The juvenile court waived jurisdiction of the petitioner's case after transferring the case to criminal court. Trial counsel testified that she was not appointed to represent the petitioner until after he was indicted in criminal court. Thus, at the time that she was appointed, trial counsel had no grounds to challenge the transfer to criminal court, and the petitioner's only available redress was to challenge the transfer on direct appeal, which he failed to do. *See* T.C.A. § 37-1-134(c); T.C.A. § 37-1-159(d); *State v. Griffen*, 914 S.W.2d 564, 566 (Tenn. Crim. App. 1995); *Jeremiah A. Leavy v. State*, No. W2001-03031-CCA-R3-

8

PC, 2004 WL 42220, at *10-11 (Tenn. Crim. App. Jan. 8, 2004).

The petitioner argues that his case is identical to *Mozella Newson v. State*, No. W2005-00477-CCA-R3-PC, 2006 WL 1896382 (Tenn. Crim. App. Jan. 10, 2006), which addressed a claim of ineffective assistance of counsel in regards to a juvenile transfer hearing. In *Newson*, the petitioner was fourteen years old at the time of her transfer hearing, and trial counsel failed to introduce any evidence at the hearing which could have precluded the petitioner's transfer to criminal court and demonstrated her amenability to juvenile discipline. *Id.* at *5-6. This court concluded that the petitioner waived the issue of ineffective assistance of counsel due to a failure to prepare an adequate record, but the court noted that trial counsel's representation did not meet "the standard of objective reasonableness 'under prevailing professional norms[.]'" *Id.* at *7 (citing *Goad*, 938 S.W.2d at 369). The petitioner contends that the same problems of the transfer proceedings in *Newson* were present during his own transfer hearing.

Respectfully, the petitioner's reliance on *Newson* is misplaced. In *Newson*, the petitioner was under the age of sixteen at the time of her transfer hearing, claimed to have a minor role in the incident, and had witnesses who could have testified about her amenability to correction. Here, the only evidence that the petitioner suggested that should have been presented that had a reasonable probability of changing the transfer determination was the discrepancy between his appearance and Mr. Brooks' description. At the transfer hearing, the State recited the facts that it would rely on if the matter went to trial. The petitioner's juvenile counsel, without stipulating to the truth of the facts, stipulated that the State's recitation of the facts would be the proof heard at a trial. The post-conviction court found that, at the time of the transfer hearing, reasonable grounds existed to support the belief that the petitioner committed the alleged offense. As a result, the court also found that the petitioner had not met his burden of demonstrating prejudice.

We agree with the post-conviction court. We have already concluded that differences in the petitioner's appearance and Mr. Brooks' description did not create a reasonable probability that the case would have been dismissed. The petitioner offered no other evidence to demonstrate a reasonable probability of changing the outcome of the transfer hearing. Further, trial counsel was statutorily prohibited from challenging the results of the transfer hearing, as the juvenile court no longer had jurisdiction when she accepted the petitioner's case. We conclude that the petitioner has not established any prejudice resulting from trial counsel's failure to challenge the transfer hearing and that trial counsel was not deficient in failing to challenge the hearing. The petitioner is not entitled to any relief.

**III. Probable Cause**

The petitioner finally argues that trial counsel was ineffective for failing to challenge the probable cause supporting the petitioner's arrest. Specifically, he contends that the material differences between his own physical appearance and the description given by Mr. Brooks created "a reasonable probability" for trial counsel to obtain a suppression of his statement, which would have affected the outcome of his trial.

The petitioner cannot show that trial counsel was ineffective for failing to challenge the probable cause surrounding his arrest. Although the petitioner testified that he did not have any tattoos and never lived on Mississippi Boulevard, Mr. Brooks' physical description of "Frank" very closely matched the petitioner's physical appearance. Officers learned where "Frank" attended school and were directed to the petitioner after giving a school officer the description relayed to them by Mr. Brooks. Trial counsel testified that she believed that police had probable cause to arrest the petitioner, and the post-conviction court credited her testimony. The post-conviction court also credited trial counsel's testimony that she made the strategic decision not to request a preliminary hearing, believing that it was "faster to try and proceed with [the petitioner's] case" because the case would not have been dismissed due to a lack of probable cause. This court assesses trial counsel's conduct "'from counsel's perspective at the time'" and gives deference to informed tactical choices that are based upon adequate preparation. *Goad*, 938 S.W.2d at 369 (quoting *Strickland*, 466 U.S. at 489). We conclude that trial counsel reasonably believed that the police had probable cause to arrest the petitioner and that she made a reasonable tactical decision not to request a preliminary hearing to determine probable cause because she believed it would unnecessarily slow the progress of the petitioner's case. We also conclude that the petitioner has not shown a reasonable probability that a motion to suppress his statement to police due to lack of probable cause would have succeeded. Accordingly, the petitioner is not entitled to any relief.

**CONCLUSION**

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE

10