IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 22, 2025 Session

## STATE OF TENNESSEE v. DALLAS WAYNE TOMES, JR.

**Appeal from the Criminal Court for Bradley County**
**No. 20-CR-294      Andrew M. Freiberg, Judge**

_____

### No. E2023-01831-CCA-R3-CD
_____

**ROBERT H. MONTGOMERY, JR., J., CONCURRING.**

I concur in the majority's conclusions that the trial court did not err in denying the Defendant's motion to dismiss and in classifying him as a career offender. I write separately to address my departure from the majority's analysis on the standard of review to be employed for the sentencing range determination issue.

I disagree with the majority's adherence to the abuse of discretion with a presumption of reasonableness standard for its review of the Defendant's range determination issue.[1] *See State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012) (holding that an appeal of a trial court's determination regarding the length of a defendant's sentence is reviewed for abuse of discretion, with a presumption of reasonableness if the sentence is within the statutory range for the offense); *see also State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013) (applying the *Bise* standard to an appeal of the imposition of consecutive sentencing); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the *Bise* standard to an appeal of the denial of alternative sentencing).

As the present panel held in another case from our July 2025 docket, I believe the appropriate standard of review is de novo, with a presumption that the determinations of the trial court are correct. *State v. Billy Joe Anderson*, No. E2024-01131-CCA-R3-CD, 2025 WL 2433781, at *3 (Tenn. Crim. App. Aug. 25, 2025), *perm. app. filed* (Tenn. Oct. 26, 2025); *see Bise*, 380 S.W.3d at 698 n.33 (In contrast to the length of a sentence and the manner of service of a sentence, "The 2005 amendments [to the Sentencing Act] did not .

---

[1] The majority's rationale regarding its reliance on the abuse of discretion standard is based, in part, on the fact that both State and the Defendant argue in their respective briefs that this is the proper standard of review. This court is bound to follow the law of this state, not the law as the parties believe or wish it to be. *Cf. Mast Advert. & Publ'g, Inc. v. Moyers*, 865 S.W.2d 900, 902 (Tenn. 1993) ("[Q]uestions of law are not subject to stipulation by the parties to a lawsuit[.]"); *Home Fed. Bank, FSB, of Middlesboro, Ky. v. First Nat'l Bank of LaFollette, Tn.*, 110 S.W.3d 433, 440 (Tenn. Ct. App. 2002) ("We are not bound by stipulations pertaining to questions of law.").

. . make our sentencing ranges advisory."); *see also State v. Pearson*, 858 S.W.2d 879, 885 (Tenn. 1993); *State v. Griffin*, 914 S.W.2d 564, 567 (Tenn. Crim. App. 1995).

I acknowledge that other panels have applied the *Bise* abuse of discretion standard of review, as aptly noted by the majority. I, likewise, note that the defendant in *Billy Joe Anderson* has filed an application for permission to appeal to the Tennessee Supreme Court. Perhaps the supreme court will grant the *Billy Joe Anderson* defendant's Rule 11 application and address the inconsistent results reached by different panels of this court regarding the appropriate standard of review. *See* T.R.A.P. 11(a). Until the issue is resolved by the supreme court and for the reasons explained in *Billy Joe Anderson*, I remain of the view that de novo review, with a presumption of correctness, is the proper standard of review.

The majority concludes that the trial court did not err in classifying the Defendant as a Range III, career offender. Applying a de novo with a presumption of correctness standard of review, I concur in the majority's conclusion, notwithstanding my disagreement with the standard of review they utilized to reach this result.

I join in the majority's analysis and conclusion that the trial court did not err in denying the motion to dismiss. Because I agree with the majority's conclusion that the Defendant is not entitled to relief on his sentencing issue, I concur in the results.

s/ **Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE