IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 1, 2016

**STATE OF TENNESSEE v. JEFFERY KEITH TOONE, JR.**

**Appeal from the Circuit Court for Madison County**
**No. 15-159    Kyle C. Atkins, Judge**

_____

**No. W2015-02332-CCA-R3-CD  -  Filed March 16, 2017**

_____

The Defendant-Appellant, Jeffery Keith Toone, Jr., pled guilty to two counts of extortion, ten counts of attempted sexual exploitation of a minor, and two counts of solicitation of sexual exploitation of a minor and received an effective four-year sentence, suspended to supervised probation after service of two consecutive sentences of eleven months and twenty-nine days in the county jail.  As a condition of his guilty plea, Toone sought to reserve several certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A), generally arguing that the transfer of his case from juvenile court to circuit court was improper.  Because Toone's certified questions are overly broad, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

C. Mark Donahoe, Jackson, Tennessee for the Defendant-Appellant, Jeffery Keith Toone, Jr.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; James G. (Jerry) Woodall), District Attorney General; and Benjamin C. Mayo, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On July 9, 2013, two petitions were filed in the Madison County Juvenile Court alleging that Toone committed certain delinquent acts.  These acts included Toone posing as a juvenile female to obtain nude pictures of other juveniles and then extorting these juvenile victims by threatening to post their nude pictures online unless the victims sent more nude photographs of themselves.

On August 1, 2013, the State filed a motion for Toone to be tried as an adult in accordance with the juvenile transfer hearing statute in Tennessee Code Annotated section 37-1-134. Following a transfer hearing in September 2013, the juvenile court transferred Toone's case to the Madison County Circuit Court.

On March 2, 2015, a Madison County Grand Jury returned an indictment charging Toone with two counts of extortion and thirteen counts of sexual exploitation of a minor. On November 4, 2015, Toone pled guilty two counts of extortion, ten counts of attempted sexual exploitation of a minor, and two counts of solicitation of sexual exploitation of a minor. Pursuant to his guilty plea, one of the counts for sexual exploitation of a minor was dismissed, and the trial court imposed an effective four-year sentence, suspended to supervised probation after service of two consecutive sentences of eleven months and twenty-nine days in the county jail. At the time, Toone sought to reserve, with the consent of the State and the trial court, the following eight certified questions of law that the trial court and the parties agreed were dispositive of the case:

> The certified question of law that the Defendant hereby reserves for appellate review is as follows: (1) Whether or not the transfer of the Defendant's case from juvenile court, pursuant to T.C.A. § 37-1-134 was appropriate; (2) whether or not the juvenile court properly considered the factors enumerated in T.C.A. § 37-1-134 in finding that the juvenile met the requirements for transfer to criminal court; (3) whether or not the proof submitted by the State at the juvenile court transfer hearing pursuant to T.C.A. § 37-1-134 was adequate, appropriate, competent and sufficient to support a transfer by the juvenile court of the juvenile to criminal court; (4) whether or not the State adequately proved at the juvenile transfer hearing whether or not reasonable notice in writing of the time, place and purpose of the hearing was given to the child and the child's parents, at least three (3) days prior to the hearing; (5) whether or not the court erred in finding reasonable grounds and/or did not consider the following: (a) the child committed the delinquent act as alleged; (b) the child is not committable to an institution for the developmentally disabled or mentally ill; and (c) the interest of the community require that the child be put under legal restraint or discipline; (6) whether or not the juvenile court, in making the determination to transfer, failed to: (a) appropriately consider the extent and nature of the child's prior delinquency records; (b) the nature of past treatment efforts and the nature of the child's response thereto; (c) whether the offense was against person or property, with greater weight in favor of the transfer give[n] to offenses against the person; (d) whether the offense was committed in an aggressive and premeditated manner; (e) the possible

rehabilitation of the child by use of procedures, services and facilities currently available to the court in this state; and (f) whether the child's conduct would be a criminal gang offense as defined in T.C.A. § 40-35-121; (7) whether or not the state failed to introduce adequate proof at the juvenile transfer hearing that reasonable notice in writing of the time, place and purpose of the hearing was given to the child and the child's parents; (8) whether or not the state failed to introduce adequate proof to prove: (a) proof to appropriately consider the extent and nature of the child's prior delinquency records; (b) the nature of past treatment efforts and the nature of the child's response thereto; (c) whether the offense was against person or property, with greater weight in favor or the transfer give[n] to offenses against the person; (d) whether the offense was committed in an aggressive and premeditated manner; (e) the possible rehabilitation of the child by use of procedures, services and facilities currently available to the court in this state; and (f) whether the child's conduct would be a criminal gang offense as defined in T.C.A. § 40-35-121.

Toone filed a timely notice of appeal on November 25, 2015.

On May 9, 2016, Toone filed a motion in this court to accept a late-filed exhibit supplementing the appellate record with the transcript of the juvenile transfer hearing. Attached to this motion was the transcript of the juvenile transfer hearing.[1] On July 11, 2016, this court granted the motion to supplement the record and ordered the trial court, within fifteen days of the order, to certify and transmit to the appellate court a supplemental record including the transcript of the juvenile transfer hearing. See State v. Jeffery Keith Toone, Jr., No. W2015-02332-CCA-R3-CD (Tenn. Crim. App. July 11, 2016) (order). Nevertheless, the appellate record was not properly supplemented with this transcript because Toone did not file a copy of the transcript of the juvenile transfer hearing with the trial court clerk. See Tenn. R. App. P. 24(b) (requiring transcripts to be filed with the clerk of the trial court in order to be included in the appellate record); Cf.

---

[1] Also on May 9, 2016, Toone's attorney filed a motion to withdraw from representation on appeal and a supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967). In Anders, the United States Supreme Court held that if counsel finds a case to be wholly frivolous after a conscientious examination of it, then he or she may advise the court and request permission to withdraw, so long as counsel files with the motion a brief that references any portion of the record that arguably supports the appeal, the indigent client is furnished a copy of the brief, and the client is given time to raise any necessary issues. Id. at 744; see Tenn. Ct. Crim. App. R. 22 (governing the withdrawal of appointed counsel in frivolous appeals). This court denied counsel's motion to withdraw in the court's July 11, 2016 order. See State v. Jeffery Keith Toone, Jr., No. W2015-02332-CCA-R3-CD (Tenn. Crim. App. July 11, 2016) (order).

State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990) (concluding that a transcript attached to the appellant's brief could not be considered because it was not made a part of the appellate record). On August 10, 2016, Toone filed his appellate brief. On September 9, 2016, the trial court clerk filed a notice stating that no transcript of the juvenile transfer hearing had been filed in the Madison County Circuit Court Clerk's Office.

## ANALYSIS

Although Toone's eight certified questions merely restate the numerous procedures and considerations outlined in Tennessee Code Annotated section 37-1-134, he contends in his appellate brief that the juvenile court at the transfer hearing failed to properly consider "how the psychological and psycho-sexual assessments treatment affected the defendant or how such treatment would further help the defendant in the future." Specifically, he asserts that although he voluntarily sought counseling at a church and was diagnosed with Adjustment Disorder, Anxiety, and Sexual Disorder during his evaluation at Pathways Behavior Health Services, the juvenile court failed to consider his participation in counseling, failed to review his psychological assessment, and failed to contemplate the effects of counseling on his future behavior. The State responds that Toone's certified questions are overly broad, that they do not include the reasons relied upon by Toone at the juvenile transfer hearing, and that Toone failed to provide an adequate record for review. Because Toone has failed to properly identify the scope and limits of the legal issue reserved in his certified questions, we are without jurisdiction to consider this appeal.

In State v. Griffin, 914 S.W.2d 564, 566 (Tenn. Crim. App. 1995), this court stated that a defendant may seek review of a lawyer juvenile judge's order transferring a child to circuit or criminal court by reserving the issue pursuant to Tennessee Rule of Criminal Procedure 37(b)(2):

> We note that the process of obtaining appellate review of a lawyer juvenile judge's order transferring a child to be tried as an adult is rather awkward. The criminal court has no authority to decline jurisdiction. Thus, the criminal court is put in a position of being forced to dispose of the case on the merits even though an appellate court must later determine whether the decision of the juvenile court transferring the child to the criminal court was correct. Thus, it appears that in order to review the decision of the lawyer juvenile judge, the juvenile in criminal court must either (1) enter a plea of not guilty and thus preserve the issue for review, if convicted, or (2) reserve the issue on a plea of guilty or nolo contendere pursuant to Rule 37(b)(2)(i) or (b)(2)(iv) of the Tennessee Rules of

-4-

Criminal Procedure. The second alternative assumes that the decision of whether the juvenile should be tried as an adult is a "certified question of law" that may be appealed pursuant to Rule 37.

This court has consistently addressed challenges to a juvenile court's decision at a transfer hearing via a certified question of law. See State v. Christopher Bell, No. W2014-00504-CCA-R3-CD, 2015 WL 1000172, at *2 (Tenn. Crim. App. Mar. 4, 2015) (citing State v. Simmons, 108 S.W.3d 881, 882 (Tenn. Crim. App. 2002); State v. Boccous McGill, Jr., No. M2013-01076-CCA-R3-CD, 2014 WL 1413875, at *1 (Tenn. Crim. App. Apr. 11, 2014); State v. Isiah Wilson, No. W2003-02394-CCA-R3-CD, 2004 WL 2533834, at *1 (Tenn. Crim. App. Nov. 8, 2004); State v. Tavaris Hill, No. 01C01-9301-CC-00028, 1993 WL 345537, at *1 (Tenn. Crim. App. Sept. 9, 1993)). Therefore, we believe that Toone, in attempting to reserve several certified questions of law, utilized the proper method for challenging the juvenile court's decision at his transfer hearing.

However, a defendant must properly reserve a certified question before this court has jurisdiction to consider the merits of the question. The State argues that Toone's questions do not clearly identify the scope and limits of the legal issue reserved because they merely "recit[e] the basic language of the juvenile transfer statute." Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a plea of guilty or nolo contendere if the defendant reserves the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A).

The State asserts that Toone failed to follow the requirement in subsection (ii), that the certified question "identifies clearly the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii). The Tennessee Supreme Court further defined the requirements for reserving a certified question of law in State v. Preston:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988) (emphases added). As the Tennessee Supreme Court stressed, "Preston puts the burden of reserving, articulating, and identifying the issue upon the defendant." State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996). The court, in rejecting "a substantial compliance" standard, held that the Preston requirements for appealing a certified question of law under Rule 37 are "'explicit and unambiguous.'" State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn. 1998); Pendergrass, 937 S.W.2d at 837). A defendant's failure to comply with the Preston requirements results in the dismissal of the appeal. State v.

<u>Bowery</u>, 189 S.W.3d 240, 245-46 (Tenn. Crim. App. 2004) (citing <u>Pendergrass</u>, 937 S.W.2d at 837).

This court has consistently required certified questions of law to be narrowly framed. In <u>State v. Nicholas J. Johnson</u>, this court concluded that it did not have jurisdiction of the case because the defendant failed to identify the scope and limits of the legal issue reserved within the extensive area of search and seizure law:

> In the present case, the issue reserved is "the validity of the search and seizure of the" Appellant. This overly broad question violates the mandates announced in <u>Preston</u>. The question is not only patently non-specific but also does not clearly identify the reasons relied upon by the Appellant at the suppression hearing. Additionally, review of the question as presently framed would potentially require a complete dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant. The holding of <u>Preston</u> created a bright-line rule regarding the prerequisites for a Rule 37(b)(2)(i) appeal from which this court may not depart. <u>See generally</u> <u>Preston</u>, 759 S.W.2d at 650; <u>but see</u> <u>State v. Harris</u>, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (issue need not be framed in standard "law school" format; statement satisfies <u>Preston</u> if appellate court can ascertain from the record the scope of the issue presented).

No. M2000-03162-CCA-R3-CD, 2001 WL 1356369, at *2 (Tenn. Crim. App. Nov. 6, 2001). Likewise, in <u>State v. Kale J. Sandusky</u>, this court concluded that the defendant's certified question was overly broad even though the defendant argued a narrower issue in his appellate brief:

> The issue reserved in the trial court's judgment is "whether or not the entries by law enforcement into [the Defendant's] home on October 23, 2006 were in violation of constitutional guarantees against unreasonable searches and seizures under the state and federal constitutions. . . ." The Defendant's brief, however, frames the issue as follows: "Must arrest warrants for the offense of 'failure to appear' be issued by a neutral and detached magistrate upon a sworn affidavit setting forth probable cause?"
>
> The Defendant's certified question is overly broad and fails to clearly identify the scope and limits of the legal issue reserved. We point out that the certified question does not mention the validity of an arrest warrant.

No. M2008-00589-CCA-R3-CD, 2009 WL 537526, at *3 (Tenn. Crim. App. Mar. 4, 2009).

We conclude that Toone's eight certified questions are overly broad because they do not precisely identify the scope and limits of the legal issue reserved. See Tenn. R. Crim. P. 37(b)(2)(A)(ii). These questions, which simply restate the numerous procedures and considerations outlined in Tennessee Code Annotated section 37-1-134 for juvenile transfer hearings, fail to specifically identify how the juvenile court erred. See State v. Jennette, 706 S.W.2d 614, 617 (Tenn. 1986) ("It is possible for there to be more than one certified question under Rule 37, but any question sought to be presented under that rule, following conviction on a guilty plea, should (1) be precisely stated in the order of the trial court certifying the question and (2) be dispositive of the case if the trial court is in error. The rule was never designed to authorize a general review of numerous factual and legal issues without express articulation and without these being completely controlling."). Moreover, the sheer breadth of these certified questions is not cured by Toone's substantially narrower statement of the issue on appeal. As we noted, the reasons relied upon by the defendant in the trial court must be identified in the certified question, and review by this court will be limited to those issues passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. See Preston, 759 S.W.2d at 650; cf. State v. William G. Barnett, Jr., No. M2013-01176-CCA-R3-CD, 2014 WL 1632080, at *5 (Tenn. Crim. App. Apr. 23, 2014) ("Certified question[s] are overly broad when they mention a violation of a defendant's right but do not clearly outline the question beyond the right allegedly violated.").

Toone's certified questions do not state why he is entitled to relief and do not particularly identify how the trial court failed to follow the juvenile transfer statute. See State v. Valdez Domingo Wilson, No. E2015-01009-CCA-R3-CD, 2016 WL 537083, at *4 (Tenn. Crim. App. Feb. 11, 2016) (stating that "the reasons relied upon by defendant in the trial court must be identified in the certified question"), perm. app. denied (Tenn. June 23, 2016); William G. Barnett, Jr., 2014 WL 1632080, at *5 (concluding that the certified question was overly broad when it failed to state the relief to which the defendant would be entitled and failed to state with any particularity the ground upon which the defendant sought appellate review); State v. Robert Glenn Hasaflock, No. M2012-02360-CCA-R3-CD, 2013 WL 4859577, at *4 (Tenn. Crim. App. Sept. 12, 2013) (stating that "certified questions of law which fail to narrowly construe the issues and identify the trial court's holding do not provide an adequate basis for our review."); State v. Casey Treat, No. E2010-02330-CCA-R3-CD, 2011 WL 5620804, at *5 (Tenn. Crim. App. Nov. 18, 2011) (concluding that a certified question that did not "articulate the reasons previously relied upon by the Defendant in support of his arguments [and did] not describe the trial court's holdings on the constitutional issues presented" was overly broad). These eight certified questions, as stated, would require this court to conduct a

complete review of all the reasons a juvenile transfer hearing could be improperly conducted. See State v. Randall Cagle, No. M2013-00728-CCA-R3-CD, 2013 WL 6122379, at *3 (Tenn. Crim. App. Nov. 20, 2013) ("As posed, the [certified] question would require this court to essentially conduct a complete overview of the plethora of reasons a search warrant affidavit could lack probable cause."). Toone's certified questions require not only a thorough analysis of the law applicable to juvenile transfer hearings but also a comprehensive review of his transfer hearing, which we decline to do. Certified questions should be reserved only when there is a controlling question that requires an answer. They should not be used, as they were in this case, to make a general, open-ended challenge to the juvenile court's decision in a transfer case by citing every procedure and consideration contained within the juvenile transfer statute. In other words, a defendant should not be allowed to conveniently reserve an overly broad certified question at the time of the plea agreement and then, upon reflection, provide a more precise statement of the issue in his appellate brief. For all these reasons, Toone's certified questions do not precisely identify the scope and limits of the legal issue reserved.

We also agree with the State that Toone has waived his challenge to the juvenile court's ruling in his transfer hearing by not properly supplementing the appellate record with the transcript of the juvenile transfer hearing. Although Toone filed a motion in this court to supplement the appellate record with this transcript and included, as an attachment to this motion, a copy of the juvenile transfer hearing transcript itself, he neglected to file the transcript with the trial court clerk. See Tenn. R. App. P. 24(b) (requiring transcripts to be filed with the clerk of the trial court if they are to be included in the appellate record). Consequently, he has waived this issue. See Preston, 759 S.W.2d at 650 (stating that it is the defendant's burden to ensure that the appellate record contains all of the proceedings below that are relevant to whether the certified question is dispositive and the merits of the question certified). An appellant has a duty to prepare a record that conveys a fair, accurate, and complete account of what transpired with respect to the issues forming the basis of the appeal. State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (holding that the failure to include the relevant transcripts precludes appellate review). If the record is incomplete and does not include a transcript of the proceedings relevant to an issue presented for review, an appellate court is precluded from considering the issue. Id. (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). In any case, because we have held that Toone's certified questions do not clearly identify the scope and limits of the legal issue reserved, the presence of this transcript as an

attachment to his motion, though not properly supplemented in the appellate record, does not avail Toone of relief.

Because Toone has failed to properly identify the scope and limits of the legal issues reserved, we are without jurisdiction to consider this appeal. Although we take no satisfaction in dismissing this appeal, we must nonetheless add Toone's case "'to the growing heap of appellate fatalities that have resulted when would-be appellants failed to heed the Preston–Pendergrass litany of requirements for certified-question appeals.'" State v. Harris, 280 S.W.3d 832, 836-37 (Tenn. Crim. App. 2008) (quoting State v. Carl F. Neer, No. E2000-02791-CCA-R3-CD, 2001 WL 1180507, at *2 (Tenn. Crim. App. Oct. 8, 2001)). Because this court is without jurisdiction, the appeal is dismissed.

## CONCLUSION

Because the certified questions of law did not identify the scope and limits of the issue reserved, we are without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE