IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 22, 2025 Session

**STATE OF TENNESSEE v. BILLY JOE ANDERSON**

**Appeal from the Criminal Court for Washington County
Nos. 48319, 48913  Stacy L. Street, Judge**

_____

**No. E2024-01131-CCA-R3-CD**

_____

The Defendant, Billy Joe Anderson, pleaded guilty in the Washington County Criminal Court in case number 48319 to second degree murder, a Class A felony, and in case number 48913 to attempted first degree murder, a Class A felony.  *See* T.C.A. §§ 39-13-210 (2018) (second degree murder); 39-13-202 (Supp. 2024) (first degree murder); 39-12-101 (2018) (criminal attempt).  On appeal, the Defendant contends the trial court erred by determining that he was a Range II multiple offender based on his 2010 Florida conviction.  We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which TIMOTHY L. EASTER and STEVEN W. SWORD, JJ., joined.

Austin K. VanHoy (on appeal), Johnson City, Tennessee; and Gene G. Scott, Jr. and Erin McArdle (at guilty plea and sentencing), Jonesborough, Tennessee, for the appellant, Billy Joe Anderson.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; Steve Finney, District Attorney General; L. Scott Shults and Fred Lance, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On May 9, 2022, the Washington County Grand Jury charged the Defendant in case number 48319 with second degree murder, unlawful possession of a weapon, alteration of permanent distinguishing numbers, and evidence tampering.  On January 5, 2023, the Washington County Grand Jury indicted the Defendant in case number 48913 for attempted first degree murder.  As a result of the charges, the Defendant pleaded guilty to

second degree murder and attempted first degree murder with sentencing to be determined by the trial court.  The remaining charges were dismissed.

At the guilty plea hearing, the State recited in case number 48913 that on October 22, 2022, the Defendant attempted to kill a fellow inmate by stabbing him multiple times with a broken light bulb and in case number 48319 that on March 17, 2022, the Defendant knowingly shot and killed the victim with a firearm.  The State noted that the firearm and ammunition used to shoot the victim contained the Defendant's DNA.

The State filed a sentencing memorandum and a "Notice of Intent to Impeach and/or Use Prior Criminal Record for Enhancement."  Both documents listed the Defendant's May 10, 2013 Tennessee felony convictions for attempted second degree murder, a Class B felony, and aggravated burglary, a Class C felony, and the Defendant's November 4, 2010 Florida conviction for aggravated assault.  *See* T.C.A. §§ 39-13-101 (2010) (subsequently amended) (assault), 39-13-102 (2010) (subsequently amended) (aggravated assault), 39-13-210 (second degree murder); 39-12-101 (criminal attempt); Fla. Stat. §§ 784.021 (2010) (aggravated assault), 784.011 (2010) (assault).  The Defendant filed a sentencing memorandum arguing that the Tennessee convictions for attempted second degree murder and aggravated burglary should be considered as only one conviction for calculating his classification as a multiple offender because they occurred "simultaneously" on June 13, 2011.

At the July 10, 2024 sentencing hearing, the presentence report was received as an exhibit.  The report detailed the Defendant's prior criminal history, current outstanding warrants, prior traffic offenses, and a list of Tennessee Department of Correction disciplinary offenses.  The report listed, among others, the May 10, 2013 Tennessee convictions for attempted second degree murder and aggravated burglary and the November 4, 2010 Florida conviction for aggravated assault.  The report reflected that the Defendant was raised by his father, that he had a seventeen-year-old daughter, and that he had received his GED certification.  The Defendant reported that his physical and mental health were good, that he began using narcotics at age twelve, and that he had used narcotics daily until his arrest.  The Defendant also reported that he had not been employed for any substantial period of time.  Certified copies of the following judgments with their conviction dates were received as an exhibit:

Tennessee Convictions
Theft of property valued at more than $500 (May 10, 2013)
Attempted second degree murder (May 10, 2013)
Aggravated burglary (May 10, 2013)
Burglary (May 10, 2013)
Possession of methamphetamine (August 21, 2023)
Misdemeanor drug possession (August 21, 2023)

Possession of a controlled substance (August 21, 2023)
Possession of drug paraphernalia (August 21, 2023)

Florida Conviction
Aggravated assault (November 4, 2010)

Bo Shepard, a former Washington County Corrections officer, testified regarding a jail altercation involving the Defendant. Johnson City Police Department Investigator Shane Williams testified about the Defendant's communications from jail regarding drug trafficking and threatening an inmate who could testify against him. The court also heard victim impact testimony from the deceased victim's family members.

At the close of proof, the State posited that the Defendant qualified as a Range II, multiple offender for the Tennessee attempted second degree murder conviction and the Florida conviction for aggravated assault. Defense counsel argued that the Defendant was a Range I offender because, while the Defendant's attempted second degree murder conviction applied to a multiple offender enhancement, the elements of the Florida aggravated assault offense were not identical to any Tennessee felony. The trial court, examining Florida Statute sections 784.021(1)(a) and 784.011, ruled that Florida's aggravated assault offense constituted a "named felony" in Tennessee. The court found the Florida offense sufficiently similar to Tennessee's aggravated assault offense, a Class C felony, and concluded that the Florida offense was a cognizable offense in Tennessee.

The State argued that enhancement factors applied because the Defendant had a history of criminal convictions and criminal behavior, had failed to comply with the conditions of a sentence involving release into the community, and was on probation when he committed the charged offenses. *See* T.C.A. § 40-35-114(1), (8), (13) (Supp. 2024). Defense counsel contended that the trial court should apply mitigating factors (2) and (13) because the Defendant acted under strong provocation and had a "hard life." *See id*. § 40-35-113(2), (13) (Supp. 2024). The court concluded that enhancement factor (1) was appropriate because the Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish him as a multiple offender. The court also applied enhancement factors (8) and (13) to the second degree murder conviction because the Defendant committed the offense while he was released on bond. Regarding the Defendant's second degree murder conviction, the court found the enhancement factors "greatly outweigh any mitigation." Regarding the Defendant's attempted first degree murder conviction, the court did not find the Defendant acted with strong provocation, gave minimal weight to the Defendant's difficult early life, and applied enhancement factor (1) relating to the Defendant's history of criminal convictions or criminal behavior. After hearing testimony and receiving certified copies of the Defendant's prior convictions and the presentence report, the court concluded that the Defendant was a Range II, multiple offender and imposed consecutive sentences of forty

years for second degree murder and thirty-five years for attempted first degree murder for an effective seventy-five-year sentence. This appeal followed.

The Defendant's sole issue on appeal is the trial court's determination that the Defendant was a Range II, multiple offender based on his 2010 Florida conviction for aggravated assault. Specifically, the Defendant alleges that the Florida statute defines an aggravated assault in two ways, making it broader than the Tennessee statute. *See* Fla. Stat. § 784.021. The State argues that the court properly concluded that the Florida aggravated assault conviction qualified as a Class C felony under Tennessee law and that the Defendant was convicted of a specific subsection of the Florida aggravated assault statute, and not the statute generally. The State also argues that even without the Florida conviction, the Defendant's prior Tennessee convictions for attempted second degree murder, a Class B felony, and aggravated burglary, a Class C felony, qualified the Defendant as a Range II, multiple offender, even though the offenses occurred on the same day. *See* T.C.A. §§ 39-13-101, 39-13-102, 40-35-106(a)-(b) (2010) (subsequently amended).

In relevant part, the Sentencing Reform Act defines a Range II, multiple offender as:

(a) A multiple offender is a defendant who has received:

(1) A minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes, where applicable . . . .

. . . .

(b) In determining the number of prior convictions a defendant has received:

(1) "Prior conviction" means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced;

. . . .

(4) Except for convictions for which the statutory elements include serious bodily injury, bodily injury, threatened serious bodily injury or threatened bodily injury to the victim or victims, or convictions for the offense of aggravated burglary under § 39-14-403, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions; and

(5) Prior convictions include convictions under the laws of any other state, government or country that, if committed in this state, would have constituted an offense cognizable by the laws of this state. In the event that a felony from a jurisdiction other than Tennessee is not a named felony in this state, the elements of the offense shall be used by the Tennessee court to determine what classification the offense is given.

*Id.* § 40-35-106(a)-(b). The State must prove beyond a reasonable doubt that a defendant qualifies for multiple offender sentencing. *Id.* § 40-35-106(c); *see State v. Vick*, 242 S.W.3d 792, 796 (Tenn. Crim. App. 2007).

When evaluating a prior conviction from another state to establish a defendant's sentencing range, a trial court must consider whether the foreign offense would have constituted an offense cognizable under Tennessee law. *See* T.C.A. § 40-35-106(b)(5). "As such, the statute requires the trial court to determine whether the foreign conviction was a 'named felony' in Tennessee." *State v. Roy Garrens, Jr.*, No. W2024-00258-CCA-R3-CD, 2025 WL 1307696, at *6 (Tenn. Crim. App. May 6, 2025), *no perm. app. filed*; *see Vick*, 242 S.W.3d at 796. If the foreign conviction is not a named felony in Tennessee, the court must consider the elements of the foreign offense to determine the foreign offense's classification. T.C.A. § 40-35-106(b)(5). "The court is to analyze the prior out-of-state conviction under Tennessee law as it existed at the time of the out-of-state conviction." *State v. Quincy M. Gordon*, No. W2021-01190-CCA-R3-CD, 2023 WL 2375707, at *4 (Tenn. Crim. App. Mar. 7, 2023) (citing *State v. Brooks*, 968 S.W.2d 312, 313-14 (Tenn. Crim. App. 1997)).

Our supreme court has held that appeals regarding offender range classification pursuant to the Sentencing Act are reviewed de novo with the presumption that the determinations of the trial court are correct. *See State v. Pearson*, 858 S.W.2d 879, 885 (Tenn. 1993); *see also* T.C.A. § 40-35-401(d) (2018); *State v. Griffin*, 914 S.W.2d 564, 567 (Tenn. Crim. App. 1995). In *State v. Bise*, our supreme court held that a court's length of sentence determination is reviewed under an abuse of discretion standard with a presumption of reasonableness if the sentence imposed is within the statutorily prescribed range. 380 S.W.3d 682, 708 (Tenn. 2012). The *Bise* abuse of discretion standard of review has been applied to other sentencing decisions. *See State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (alternative sentencing); *State v. Pollard*, 432 S.W.3d 851, 859 (Tenn. 2013) (consecutive sentences). *Bise* was premised on the 2005 amendments to the Sentencing Act that "rendered advisory the minimum sentence and the enhancement and mitigating factors that might be considered in the imposition of a sentence within the appropriate sentencing range[.]" *Bise*, 380 S.W.3d at 698. *Bise* also made clear that statutory sentencing ranges remained mandatory, not discretionary. *Id.* at 698 n.33 ("The 2005 amendments did not, however, make our sentencing ranges advisory.") Accordingly, we review the court's range determination by conducting a de novo review with the

presumption that the court's factual determinations are correct. *See Pearson*, 858 S.W.2d at 885; *Griffin*, 914 S.W.2d at 567 (a challenge to the range of a sentence is reviewed de novo with a presumption that the determinations made by the trial court are correct); *but see State v. Douglas Edward Christian*, No. M2018-00320-CCA-R3-CD, 2019 WL 3948933, at *5 (Tenn. Crim. App. Aug. 21, 2019) (applying the *Bise* standard to a defendant's range classification); *State v. Laylon Ward, Jr.*, No. W2017-00736-CCA-R3-CD, 2018 WL 1091792, at *2 (Tenn. Crim. App. Feb. 23, 2018); *State v. Joseph Cordell Brewer, III*, No. W2014-01347-CCA-R3-CD, 2015 WL 4060103, at *7 (Tenn. Crim. App. June 1, 2015).

The Defendant was convicted of aggravated assault pursuant to Florida Statute section 784.021(1)(a), which defined the offense as an assault "[w]ith a deadly weapon without intent to kill[.]" At the time, Florida Statutes section 784.011(a) defined an assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that violence is imminent."

In pertinent part, in Tennessee, "[a] person commits aggravated assault who . . . [i]ntentionally or knowingly commits an assault as defined in § 39-13-101 and . . . [u]ses or displays a deadly weapon[.]" T.C.A. § 39-13-102(a)(1)(B). A person commits assault who "[i]ntentionally, knowingly or recklessly causes bodily injury to another . . . [or] [i]ntentionally or knowingly causes another to reasonably fear imminent bodily injury . . . ." *Id.* § 39-13-101(a)(1)-(2).

The Defendant contends that the Florida aggravated assault statute was overly broad because it allowed for alternative theories of liability which are not contained in the Tennessee statute. However, the evidence reflects that at the sentencing hearing, a certified copy of the Florida judgment identifying the subsection under which the Defendant was convicted was received as an exhibit and that the court based its analysis on that subsection. *See* Fla. Stat. § 784.021(1)(a). Section 784.021(1)(a) defines aggravated assault as an assault "[w]ith a deadly weapon without intent to kill." *Id.* Therefore, we need not address alternative theories for establishing aggravated assault under Florida law that are not applicable to the Defendant's Florida conviction.

The record reflects that the Defendant pleaded guilty in case 48319 to second degree murder, a Class A felony, and in case 48913 to attempted first degree murder, a Class A felony. To qualify as a multiple offender, the trial court was required to find that the State proved beyond a reasonable doubt that the Defendant received a minimum of two prior Class B or C felony convictions. *See* T.C.A. § 40-35-106(a)(1).

In Florida, the Defendant was convicted of aggravated assault for using a deadly weapon without an intent to kill. *See* Fla. Stat. § 784.021(1)(a). Aggravated assault is a

named felony in Tennessee. *See* T.C.A. § 39-13-102. An aggravated assault that is a result of intentional or knowing conduct and involves the use or display of a deadly weapon constitutes a Class C felony in Tennessee. *Id*. § 39-13-102(e)(1). Accordingly, the trial court did not err in concluding that the Florida conviction for aggravated assault was cognizable as a Class C felony in Tennessee. The record reflects that the trial court considered the purposes and principles of sentencing and that the Defendant had the requisite prior convictions to establish him as a Range II, multiple offender.

Notwithstanding the trial court's determination as to the Florida conviction, the State correctly contends in its appellate brief that the Defendant had prior Tennessee convictions for attempted second degree murder, a Class B felony, and aggravated burglary, a Class C felony, which separately qualified him as a Range II offender.[1] Although those offenses occurred on the same date, the sentencing statute provides that these convictions may be considered separate convictions for the purpose of determining multiple offender status because one of the convictions was for aggravated burglary. *See* T.C.A. §§ 40-35-106(b)(4); 39-14-403 (2010) (aggravated burglary). The State listed the prior Tennessee felony convictions in its notice for enhancement and its sentencing memorandum and introduced certified copies of those convictions at the sentencing hearing. The Defendant did not contest the validity of those convictions. Accordingly, separately from his Florida aggravated assault conviction, the Defendant had two prior Tennessee felony convictions that established he was a Range II, multiple offender. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

**s/Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

---

[1] At the sentencing hearing, the Defendant argued that the trial court could not consider both May 10, 2013 Tennessee convictions to determine multiple offender status because the offenses occurred on the same date, June 13, 2011. The State did not rebut this issue at the hearing. In its appellate brief, the State argued that the court could consider the May 10, 2013 convictions as separate offenses for determining multiple offender status. *See* T.C.A. § 40-35-106(b)(4). However, the Defendant did not address this issue in his appellate brief, file a reply brief, or argue the issue at oral argument.